**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-30610

JAMES D. LEJEUNE, Individually,
and on behalf of Hannah LeJeune;
SHANNON LEJEUNE, Individually
and on behalf of Hannah LeJeune,

Plaintiffs-Appellants,

versus

DONALD PATRICK, ET AL.,

Defendants,

DONALD PATRICK, TRAVELERS
INSURANCE COMPANY; FRESH
AMERICA CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1656)

June 11, 1998

Before GARWOOD, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

In this appeal following a jury trial in district court in
which liability had been stipulated and a counterclaim against

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Travelers Insurance dismissed on the first day of trial, leaving the quantum of damages as the sole issue for jury determination, Plaintiffs-Appellants (collectively, "the LeJeunes") would have us increase the damage awards rendered by the jury, reinstate the claim of bad faith damages against Travelers, and either render a modified judgment or remand for a new trial. Having reviewed the pertinent portions of the record, the rulings of the trial court, the factual allegations of the parties, and the legal arguments advanced by counsel in their appellate briefs and at oral argument before this panel, we are firmly convinced that the LeJeunes' appeal is so baseless and unmeritorious as to be frivolous as a matter of law.

The LeJeunes contend that the jury "abused its discretion" in awarding "abusively low" damages, urging us to apply a standard unknown to federal courts' review of jury determinations. They seek additur, which, as frequently acknowledged by this and other courts of appeals[2] — and which, with any competent legal research, they would know — has been held by the United States Supreme Court since at least 1935 to be an unconstitutional violation of defendants' Seventh Amendment rights.[3] The LeJeunes' research should also have revealed that the Louisiana Supreme Court has held

---

[2]Taylor v. Green, 868 F.2d 162, 164-65 (5th Cir.), cert. denied, 493 U.S. 841, 110 S.Ct 127, 107 L.Ed.2d 87 (1989); Maier v. Lucent Technologies, 120 F.3d 730, 737 (7th Cir. 1997).

[3]Dimick v. Schiedt, 293 U.S. 474, 487-88, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).

that neither section 658 nor section 1220 of Louisiana's Insurance Code[4] imposes on an insurer a general duty of good faith to third parties;[5] and, more importantly, that the effect of their own oral motion voluntarily dismissing the bad faith issues against Travelers on the first day of trial forfeits and waives permanently any further consideration of those issues.

Treating the LeJeunes' request for additur as an appeal from the district court's denial of their motion for a new trial, we affirm that ruling as well. Reviewing for an abuse of discretion,[6] we note our longstanding position that it is proper to consider "that a jury has great discretion in determining and awarding damages in an action for personal injuries."[7] Again, applying the abuse of discretion standard and noting the deference given to the range of permissible jury awards in cases such as this, we discern no reversible error.

AFFIRMED at Appellants' cost.

---

[4]LA. REV. STAT. ANN. §§ 22:658, 22:1220 (West 1995).

[5]Theriot v. Midland Risk Ins. Co., 694 So.2d 184 (La. 1997).

[6]Menard v. Penrod Drilling Co., 538 F.2d 1084, 1088 (5th Cir. 1976).

[7]Chevalier v. Reliance Ins. Co., 953 F.2d 877, 881 (5th Cir. 1992) (citation and internal quotation marks omitted).